FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número*: O-71-288     *Resuelto*: 28 de noviembre de 1973

*Francisco Falú Lebrón, Jorge Márquez Gómez, Santiago Amadiz Jiménez Sabat* y *Miguel A. Guzmán Soto,* abogados del recurrente.

PER CURIAM: Mientras realizaba funciones inherentes a su empleo el trabajador Antonio Rivera Andino resultó lesionado en su ojo derecho. Luego de recibir tratamiento médico en el Fondo del Seguro del Estado fue dado de alta con autorización para volver a su trabajo. No conforme con dicha decisión apeló ante la Comisión Industrial. Luego de que el trabajador lesionado fuera sometido a diversos exámenes médicos y celebrada la correspondiente vista pública la Comisión Industrial determinó que el trabajador presenta la pérdida de la visión industrial del ojo derecho y le fijó el equivalente de una incapacidad del 25% de las funciones fisiológicas generales, concluyendo además que el trabajador tenía derecho a recibir el 10% adicional que para los casos de pérdida del globo ocular por enucleación, evisceración o atrofia extrema establece el Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3.

De esta decisión recurre el Fondo del Seguro del Estado ante nos alegando que la Comisión Industrial erró al conceder el beneficio del 10% adicional a la concesión por incapacidad visual resultante.

La disposición aplicable a los hechos que presenta este caso es el referido Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, la que en lo que es aquí pertinente dispone lo siguiente:

"3. Se considerará incapacidad parcial permanente la pérdida de un pie o pierna, una mano, un brazo, *un ojo,* uno o más dedos, ya sea de los pies o de las manos y cualquiera anquilosis o fractura o dislocación donde haya habido rotura de ligamentos y donde la restauración no sea completa.

Las incapacidades visuales permanentes se determinarán y valorarán por el Administrador del Fondo del Seguro del Estado conforme al dictamen pericial de un oculista; disponiéndose, que las incapacidades parciales serán determinadas de acuerdo con el porcentaje de la incapacidad total que ellas representen tomando en consideración la eficiencia visual industrial de ambos ojos y aplicando, al efecto, los factores uno y tres, para el peor y mejor ojo respectivamente, y/o cualquier otra guía que se establezca en el futuro y que sea más liberal; *y disponiéndose, además, que por la pérdida del globo ocular por enucleación, evisceración o atrofia extrema se indemnizará diez por ciento (10%) de incapacidad total o permanente en adición a la incapacidad visual resultante.*

*La pérdida funcional completa y permanente de cualquier miembro que afecte la capacidad industrial del obrero, o su poder adquisitivo, se considerará como pérdida total de dicho miembro tal como si hubiese sido amputado."* (Énfasis suplido.)

▉▉ En la vista celebrada ante la Comisión Industrial, además de la representación legal del lesionado y la del Fondo del Seguro del Estado, estuvieron presentes los oftalmólogos Dr. Andrés Montalvo Carroll por la Comisión Industrial y el Dr. Ricardo Fernández por el Fondo del Seguro del Estado. Ambos médicos concurrieron en que el lesionado sufría de afaquia del ojo derecho, o sea, de opacidad del lente cristalino como consecuencia del accidente y que la incapacidad resultante debía ser fijada en un 25% de las funciones fisiológicas generales. También convinieron en que el ojo lesionado no fue enucleado, no estaba eviscerado ni tenía atrofia extrema [1] por lo que no ameritaba que se le conce-

---

[1] *Enucleación* es la liberación del globo ocular de sus adherencias o envolturas y extirpación total subsiguiente; *evisceración* es la extracción

diera el 10% adicional que para tales casos fija la ley. También estuvieron acordes ambos oculistas en que una persona que sufre afaquia o pérdida del lente cristalino no sufre pérdida total de la visión y puede ver con lentes de contacto. En tales circunstancias aseguran los médicos que queda liberalmente compensado con un 25% de pérdida de las funciones fisiológicas generales.

A pesar del testimonio concluyente de ambos peritos médicos a los efectos de que el lesionado no había sufrido pérdida del globo ocular por enucleación, evisceración o atrofia extrema la Comisión Industrial concedió a éste el 10% adicional que concede la ley en esos casos, cuyo beneficio había sido negado por el Fondo. De la resolución que a esos efectos emitió la Comisión Industrial se desprende que dicha Comisión se sintió obligada por la doctrina sentada por nosotros en el caso de *Plaza González* v. *Comisión Industrial*, 93 D.P.R. 907 (1967).

En el caso de *Plaza González* se trataba de un obrero que recibió una lesión en un ojo y que según las determinaciones médicas sufría de "Afaquia Quirúrgica y Coloboma artificial del iris y pequeña cicatriz de herida penetrante de la córnea lado nasal, ojo derecho". La Comisión Industrial fijó a dicho obrero al igual que en el presente caso una incapacidad de 25% de incapacidad total permanente. Debido a que el obrero no podía ver nada por su ojo lesionado y debido a que conforme al dictamen de varios oculistas éste había sufrido la pérdida funcional y permanente de su ojo derecho lo que indiscutiblemente afectaba su capacidad industrial y su poder adquisitivo, dimos una interpretación liberal al Art. 3 de la Ley de Compensaciones de Accidentes del Trabajo antes transcrito al concluir que la condición del trabajador en

---

del contenido del globo ocular dejando intacta la esclerótica; *atrofia extrema* es la disminución del volumen y peso del órgano. Véase, Decisión de la Comisión Industrial en el caso de Luciano Pérez, *Decisiones de la Comisión Industrial*, tomo 14, pág. 286. Véase además Salvat, *Diccionario Terminológico de Ciencias Médicas*, 8va. ed., págs. 416, 470.

aquel caso equivalía a una amputación del ojo teniendo por lo tanto el trabajador derecho a recibir el 10% adicional de incapacidad permanente que fija la ley.

En el presente caso, contrario a lo sucedido en el caso de *Plaza González,* el obrero no ha sufrido la pérdida funcional completa y permanente de su ojo lesionado por lo que no puede considerarse su situación como equivalente a una amputación dentro del razonamiento de nuestra decisión en el caso de *Plaza González.*

■ Siendo ello así, y en vista de la certeza del testimonio de los peritos médicos al efecto de que el obrero lesionado no ha perdido el globo ocular por enucleación, evisceración o atrofia extrema, y habiendo determinado dichos peritos que el obrero lesionado fue liberalmente compensado al asignársele el 25% de incapacidad total permanente, debemos concluir que erró la Comisión Industrial al concederle al obrero lesionado el 10% adicional que fija la ley.

*Se revocará la decisión de la Comisión Industrial.*